**HARRAH'S OPERATING COMPANY, INC.; et al., Plaintiff–counter–defendant–Appellee,**

v.

**Robert L. ROTH, Defendant–counter–claimant–Appellant.**

**No. 06–15449.**

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 14, 2007.

David R. Grundy, Esq., Joy R. Graber, Esq., Lemons, Grundy & Eisenberg A

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Professional Corporation, Reno, NV, Robert G. Aisenstein, Esq., Henderson, NV, Vernon A. Nelson, Jr., Esq., Las Vegas, NV, for Plaintiff–counter–defendant–Appellee.

Robert L. Roth, Miami, FL, pro se.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM [**]

Robert Roth appeals pro se from the district court's grant of summary judgment to Harrah's Operating Company. Harrah's sought recovery on $249,000 worth of credit instruments executed by Roth. We review de novo, *see Hall v. Norton,* 266 F.3d 969, 975 (9th Cir.2001), and we affirm.

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Harrah's established that Roth executed $250,000 in credit instruments and failed to repay $249,000 of that amount. Roth alleged various defenses, including fraud and violation of gaming laws. However, he failed to provide specific facts, even those allegedly within his personal knowledge, to support his allegations. Summary judgment was appropriate.

**AFFIRMED.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.